UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JAN 0 5 2016


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BENJAMIN MELENDEZ-ROCHA, | * | CIV 13-4102 |
| | * | CR 09-40029-27 |
| Movant, | * | |
| | * | ORDER |
| -vs- | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    Benjamin Melendez-Rocha (Melendez-Rocha) moved this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Magistrate Judge issued a Report and Recommendation recommending the motion be denied. (Doc. 22.) Melendez-Rocha submitted an opposition to the Report and Recommendation. (Doc. 25.) For the reasons set forth below, the Court adopts the factual findings and the legal conclusions of the Magistrate, and denies Melendez-Rocha's motion to vacate.

    Melendez-Rocha objects to the Magistrate's legal conclusion that there is no constitutional requirement that all exculpatory evidence and *Brady* material in the government's possession be turned over within 14 days of a defendant's arraignment. This Court agrees with and adopts the Magistrate's legal conclusion.

    Melendez-Rocha's also objects to the Magistrate's finding that it was not clear what specific evidence Melendez-Rocha claimed the government withheld from him. In his opposition to the Report and Recommendation, Melendez-Rocha clarifies the evidence he claims was withheld. Specifically, Melendez-Rocha cites to pages 1079 to 1090 of the trial transcript. (Doc. 25 at 3.) There, witness Laura Welch's lawyer, Richard Engels, testified at a hearing outside the presence of the jury that he took notes during Welch's trial testimony for purposes of preparing for her sentencing. (Doc. 1133-6 at p. 83.) During that hearing, Melendez-Rocha's lawyer asked Engels

to produce his notes, but Engels refused based on the attorney-client privilege. (*Id.* at 85.) The notes were sealed, marked as Exhibit B and reviewed by the Court in camera. (*Id.* at 86, 92.) Upon review, the Court determined that the notes amounted to nothing more than a summary of what Welch had testified to, and did not require a mistrial as requested by Melendez-Rocha's lawyer. (*Id.* at 93.) Melendez-Rocha now argues that those notes are exculpatory evidence or impeachment material that should have been disclosed to him. (Doc. 25 at 3.) The Court rejects that argument because, once again, the notes were simply a summary of the witness's trial testimony which was heard in open court in the presence of Melendez-Rocha and his lawyer. Furthermore, the notes were in the possession of Welch's lawyer and not the government, so Melendez-Rocha's argument that the government withheld evidence from him has no merit.

In the Report and Recommendation, the Magistrate cites *United States v. Diaz*, 296 F.3d 680 (2002), for the proposition that it was appropriate for this Court to make findings as to drug quantity in order to calculate Melendez-Rocha's sentencing guidelines range. The Court agrees that this holding in *Diaz* remains good law and it was appropriate for this Court to make drug quantity findings above and beyond what was found by the jury in order to calculate Melendez-Rocha's advisory guidelines range. *See, e.g., United States v. Thomas*, 760 F.3d 879, 889 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1013, 190 L. Ed. 2d 883 (2015) (district court did not err, in sentencing a defendant for heroin conspiracy and distribution, by considering defendant's crack distribution activities as relevant conduct, even though defendant was never indicted on crack charges or found guilty by a jury for violating crack offenses, where the district court considered the guidelines range to be advisory, and the offenses were very similar, proceeded along same channels as his heroin distribution, occurred at the same time and in the same locations, and involved many of the same customers and redistributors).

The Eighth Circuit's other holding in *Diaz*, that U.S.S.G. § 5G.1.2(d) mandates that a district court impose consecutive sentences on multiple counts until it reaches a sentence equal to the total punishment under the guidelines, is no longer good law after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the sentencing guidelines are advisory and

not mandatory. This holding in *Diaz*, however, is not relevant to the Court's decision here because, with a guidelines range of 360 to life on count 1, it was not necessary to run the sentences on Melendez-Rocha's two counts of conviction consecutively to reach the total punishment. Concurrent sentences accomplished that.

The Court has carefully considered all other matters raised in the § 2255 motion and in Melendez-Rocha's opposition to the Report and Recommendation, and

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation (Doc. 22) is ADOPTED by the Court and Plaintiff's Objections to the Report and Recommendation (Doc. 25) are DENIED.

2. That Movant Benjamin Melendez-Rocha's Motion to Vacate, Set Aside, or Correct his Sentence (Doc. 1) is DENIED.

3. That Respondent's Motion to Dismiss (Doc. 18) is GRANTED.

4. That a Certificate of Appealability shall not issue.

Dated this 5th day of January, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
(SEAL)    DEPUTY

3